UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GEORGE MANUEL, JR.,

        Petitioner,

v.                                         CASE NO. 17-cv-11655
                                          HONORABLE DENISE PAGE HOOD

BONITA J. HOFFNER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A STAY [12]

In 2017, petitioner Thomas George Manuel, Jr., filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's convictions for armed robbery, an assault, and two firearm offenses. Petitioner asserts ten grounds for relief. Currently before the Court is Petitioner's motion for a stay. For the reasons given below, the Court will deny the motion.

### I. Background

Following a jury trial in Genesee County Circuit Court, the jury convicted Petitioner of armed robbery, Mich. Comp. Laws § 750.529, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to prison for twenty-five to fifty years for the armed robbery and to lesser

terms for the remaining convictions. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Manuel*, No. 316756, 2014 WL 3705101 (Mich. Ct. App. July 24, 2014), and on March 31, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Manuel*, 497 Mich. 982; 861 N.W.2d 29 (2015).

In 2016, Petitioner filed a motion for relief from judgment, which the trial court denied under Michigan Court Rule 6.508(D). *See People v. Manuel*, No. 12-031348-FC (Genesee Cty. Cir. Ct. Apr. 26, 2016) (Docket No. 1-1, PageID. 189-192). The Michigan Court of Appeals denied leave to appeal the trial court's decision, *see People v. Manuel*, No. 334728 (Mich. Ct. App. Feb. 13, 2017) (Docket No. 1-1, PageID. 112), and Petitioner's subsequent appeal to the Michigan Supreme Court was rejected as untimely on April 21, 2017. *Id.*, PageID. 115.

On May 23, 2017, Petitioner filed his habeas corpus petition. His grounds for relief are: (1) there was insufficient evidence to support his conviction for armed robbery; (2) the prosecutor failed to show due diligence in locating defense witnesses and also used perjured testimony to obtain a criminal conviction; (3) trial counsel was ineffective for failing to object to the prosecutor's misconduct; (4) trial counsel was ineffective for failing to obtain the complainant's mental health records and for failing to secure an expert witness to impeach the complainant's testimony; (5) trial

counsel was ineffective in failing to present evidence of the alleged victim's character trait for violence; (6) trial counsel was ineffective for failing to challenge a biased juror for cause; (7) he was denied his Sixth Amendment right to a speedy trial; (8) the assistant prosecutor suborned perjury, obstructed justice, and failed to correct a witness's perjury; (9) the verdict is against the great weight of the evidence; and (10) he was denied his right to effective assistance of appellate counsel. The State argues in an answer to the petition that these claims are meritless, procedurally defaulted, or not cognizable on habeas review.

In his pending motion, Petitioner asks the Court to stay his case until he can seek the State's consent to amend his petition. The proposed amendment alleges that the trial court committed a structural error by failing to instruct the jury on the law of aiding and abetting. The State has not filed an answer to the motion.

## II. Discussion

Federal district courts ordinarily have authority to grant stays, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and "[b]y statute, Congress provided that a habeas petition 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (quoting 28 U.S.C. § 2242). When, as in this case, a party is not entitled to amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written

consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Petitioner seeks a stay while he attempts to acquire the State's permission to amend his petition by adding a claim about the jury instructions. Petitioner has not exhausted state remedies for his challenge to the jury instructions, and a state prisoner's post-appellate remedy for a new claim is to file a motion for relief from judgment. *See* Subchapter 6.500 of the Michigan Court Rules. Petitioner has already filed one motion for relief from judgment, and he may not file a second or subsequent motion for relief from judgment unless his motion is based on a retroactive change in law or a claim of new evidence. Mich. Ct. R. 6.502(G)(2).

Because Petitioner's challenge to the state trial court's jury instructions is not based on a retroactive change in the law or on new evidence, a motion for relief for judgment would be barred by Rule 6.502(G)(2), and on return to this Court, the claim likely would be procedurally defaulted. Any effort to exhaust state remedies for Petitioner's proposed new claim and then to amend the habeas petition would be futile. The Court, therefore, denies Petitioner's motion for a stay with its request for permission to amend the habeas petition.

s/Denise Page Hood
CHIEF JUDGE, UNITED STATES DISTRICT COURT

Dated: June 28, 2019